**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-80119-ALTMAN**

**ANTHONY SIRIANI**, *et al.*,

    *Plaintiffs,*

*v.*

**DAVID FEINGOLD**, *et al.*,

    *Defendants.*

_____/

**ORDER STAYING CASE**

On March 16, 2026, we held a status conference to discuss the prospect of consolidating this case with our related case, *Feingold, et al. v. Cardinale, et al.*, 22-cv-20375-ALTMAN (the "First Filed Case"). *See* Paperless Minutes Entry [ECF No. 65]. We then ordered the Parties to file a joint notice "explaining each party's position on the potential consolidation of these cases and, regardless of the position taken, how the parties intend to streamline the proceedings and avoid duplicative litigation." Second Order After Status Conference [ECF No. 67]. The Parties timely complied and filed a Joint Notice on Consolidation (the "Joint Notice") [ECF No. 85]. As part of the Joint Notice, the Non-L3 Defendants suggested that "a stay of the present case makes more sense than consolidation[.]" Joint Notice at 12.[1] After a careful review of the Joint Notice and the record in both cases, we agree with

---

[1] According to the Joint Notice, the Non-L3 Defendants include David Feingold; Feingold, LLC; Davick Capital, LLC; Feingold Morgan Sanchez, LLC; MCA Venture I LLC; E Consulting Global Group, LLC; Michael Dazzo; DZ Squared, LLC; Ameritech Global Ventures, LLC; Joseph Baldassarra; Steven Baldassarra; JDS Partners; Broadstreet, Inc.; Broad Street Global Holdings, LLC; Broad Street Global Management, LLC; Broad Street Global Fund, LLC; Broadstreet New York, LLC; Todd Sanders; Daniel Amaniera; Bear Creek Holdings, LLC; Carrington Mill Holdings, LLC; BB-BCH, LLC; BB-CHM, LLC; Crescent Beach Holdings, LLC; Ormond Beach Holdings, LLC; Hyatt Street Holdings, LLC; Blackstream Development, LLC; Contender Development, Inc.; Ford Elliott; Josh Howard; Carlos Salgado; Debt Consulting Group, LLC and Debt Consulting Group II, LLC.

the Non-L3 Defendants and **ORDER** that this case be **STAYED** until we resolve the First Filed Case. This stay is without prejudice to the Parties to file and brief the Defendants' forthcoming motions to dismiss.

It's well-established that a district court has the power to stay proceedings incident to its inherent authority to control its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay of this case is appropriate for several reasons.

*First*, a modest stay of this case will allow us to proceed with the orderly disposition of the First Filed Case, which has been ongoing for several years and is currently set for trial in September 2026. *See* Third Amended Scheduling Order [ECF No. 344]. Moreover, the resolution of the First Filed Case is likely to simplify the issues in this case.

*Second*, we don't think consolidating the two cases—and thus injecting the Plaintiffs and their counsel into the First Filed Case—would preserve judicial resources. For one thing, that consolidation wouldn't ameliorate the risk of "duplicative litigation," as the so-called Investor Aligned Parties claim, Joint Notice at 7, because there are still several related cases and arbitrations pending throughout the country, *see e.g.*, *id.* at 17 ("It is important to emphasize that L3 investor cases have been pending since 2023. One of those proceedings is an AAA arbitration that Attorney Greenidge filed for most of the same named Plaintiffs here. Another is a case that William Moroney (a Plaintiff here again) and other L3 investors filed in 2023. Another is a case that L3 investor KH Capital initially filed in 2023." (cleaned up)). For another, the Plaintiffs' counsel in this case has already inundated the Court with expedited motions that have spurred voluminous briefing from both groups of defendants. *See generally* Docket; *see also* Order Denying Motion for Preliminary Injunction [ECF No. 104]. Bringing Plaintiffs' counsel into the First Filed Case, in which the Court and the Parties have only recently charted an

expedited path toward final resolution, would risk disrupting and delaying the progression of that case.

*Third*, a modest stay of this case won't prejudice the Plaintiffs. The stay isn't indefinite, as we'll reopen this case as soon as we dispose of the First Filed Case, which could be as soon as September 2026. Plus, this case is in its nascent stages, and there are no pending motions for relief. Most importantly, the Defendants are entitled to an automatic stay of this case under the Private Securities Litigation Reform Act as soon as they file their forthcoming motions to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.").

For all these reasons, we hereby **ORDER and ADJUDGE** that this case is **STAYED** without prejudice to the Parties to file and brief the Defendants' forthcoming motions to dismiss.

**DONE AND ORDERED** in the Southern District of Florida on May 2, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3